## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

STEVEN DAY,

                                :

        Petitioner,                         Case No. 3:10-cv-206

                                :         District Judge Walter Herbert Rice
        -vs-                                 Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,

                                :

        Respondent.

---

## REPORT AND RECOMMENDATIONS

Petitioner Steven Day brought this habeas corpus action pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Clark County Common Pleas Court on one count of aggravated burglary. The Petition states four grounds for relief:

> **Ground One:** Defendant's constitutional Due Process and Double Jeopardy rights was [sic] violated.
>
> **Supporting Facts:** The trial court erred and abused its discretion and violated Defendant's constitutional Due Process and Double Jeopardy rights when it did not dismiss the case and instead permitted the State to amended [sic] the indictment post-trial to a version of the [statute the] State had failed to prove the requisite elements of the offense as indicted.
>
> **Ground Two:** Defendant was denied his constitutional right to effective assistance of counsel.
>
> **Supporting Facts:** Defense attorney failed to file motion to suppress evidence and the entire State's case rest [sic] on that tainted identification.
>
> **Ground Three:** The verdict was contrary to the manifest weight of

-1-

the evidence.

**Supporting Facts:** Is there sufficient evidence to find aggravated burglary committed by Appellant?

**Ground Four:** The verdict was not supported by sufficient evidence.

**Supporting Facts:** Is there sufficient evidence to find aggravated burglary committed by Appelant [sic]?

(Petition, Doc. No. 6, PageID 434-435.)


### Ground One: Amendment of the Indictment at Trial


In his first Ground for Relief, Petitioner asserts he was denied his constitutional rights to due process of law and to be protected from being twice in jeopardy by the trial court's allowance of an amendment to the indictment after the close of the evidence but before jury deliberation.

The indictment as returned by the grand jury charges that Petitioner did, on the 18th day of May, 2007, commit the offense of aggravated burglary

> by force, stealth, or deception, trespass in an occupied structure, or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured occupied portion of the structure any criminal offense when the offender inflicts, or attempts or threatens to inflict physical harm on another to wit: defendant kicked in door, entering residence pointing unknown weapon at victim and demanding money, taking victims wallet before fleeing residence in violation of Section 2911.11 (A)(2)of the Ohio Revised Code.

(Indictment, Ex. 1 to Answer, PageID 48.)

The Court of Appeals summarized the relevant testimony of the crime as follows:

-2-

*P2] On May 18, 2007, at approximately 5:00 a.m., 80-year-old Talmadge Davison Sr. was preparing breakfast in his kitchen at 420 West Euclid Avenue in Springfield. He heard a loud noise at his front door and saw a man come through the door with his hand extended. The man demanded Davison's money and shoved him in his chest, causing Davison to fall backwards landing on his back. The man stood straddling Davison and again demanded his money. Davison pointed to his front pocket, where he kept his wallet. The man snatched the wallet, ripping Mr. Davison's pocket and coveralls in the process. The man then fled the house; the entire incident lasted approximately 60 seconds.

(Quoted at Answer, Doc. No. 4, PageID 16.) Petitioner accepts the accuracy of this summary in his

Response to Return of Writ (Doc. No. 5, PageID 424).

On his direct appeal, Petitioner pled this claim as follows:

1. The trial court erred, abused its discretion and violated Defendant's constitutional due process and double jeopardy rights when it did not dismiss the case and instead permitted the State to amend the indictment post-trial to a version of the offense with different elements of proof after the trial was over and the State had failed to prove the requisite elements of the offense as indicted.

(Quoted from Appellant's Brief, Ex. 6 to Return of Writ, at PageID 18.)

The relevant Ohio statute reads in its entirety:

§ 2911.11 Aggravated burglary.

(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
(1) The offender inflicts, or attempts to inflict or threatens to inflict physical harm on another;
(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.

As can be readily seen, the facts pled in the indictment charge a violation of Ohio Revised Code §

2911.11(A)(1). They do not charge a violation of 2911.11(A)(2) because "pointing an unknown weapon" does not charge "deadly weapon or dangerous ordnance." The facts proved at trial as summarized by the Court of Appeals come within Ohio Revised Code § 2911.11(A)(1), based on the testimony that Defendant knocked the victim over, thus coming within the statute's element of infliction of or attempt to inflict physical harm.

Petitioner's claim on direct appeal can be read as raising both Ohio state law questions and federal constitutional questions. The Court of Appeals appears to have treated it as a purely state law question; its decision on this assignment of error was:

> [*P8] In his first assignment of error, Day argues the trial court abused its discretion in permitting the State to amend Day's indictment at the conclusion of the evidence and before final argument. Day was indicted as follows: "Steven Day did by force, stealth, or deception, trespass in an occupied structure, or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured occupied portion of the structure any criminal offense when the offender inflicts, or attempts or threatens to inflict physical harm on another to wit: defendant kicked in door, entering residence pointing unknown weapon at victim and demanding money, taking victim's wallet before fleeing residence in violation of Section 2911.11(A)(2) of the Ohio Revised Code." (Emphasis added.)

> [*P9] When the State realized that the indictment had an error in the numerical designation, it sought to amend the indictment. The indictment should have read and was amended to read, "Section 2911.11(A)(1) of the Ohio Revised Code." Crim.R. 7(B) provides in part that error in the numerical designation shall not be ground for dismissal of the indictment or reversal of a conviction, if the error or omission did not prejudicially mislead the defendant. Although Day objected to the State's request for the amendment, he offered no argument that he was prejudiced by the State's amendment of the indictment. The State never contended during the trial that Day had a deadly weapon or dangerous ordnance on his person or within his control as required by R.C. 2911.11(A)(2). The appellant's first

-4-

assignment is Overruled.

(Quoted in Respondent's Answer/Return of Writ, Doc. No. 4, at PageID 30 from Exhibit 11, Opinion and Journal Entry, at ¶¶ 8-9; *State v. Day*, Clark App. No. 07-CA-139, 2009 Ohio 56 (January 9, 2009) at ¶¶ 8-9.)

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62 (1991).  Thus this Court cannot review the state court of appeals decision that the trial judge was within his authority (did not abuse his discretion) in permitting an amendment of the numerical designation of the statute in the indictment.  "A mere error of state law is not a denial of due process." *Rivera v. Illinois*, 556 U.S. ___, 129 S. Ct. 1446, 1454, 173 L. Ed. 2d 320 (2009), quoting *Engle v. Isaac*, 456 U.S. 101, 121, n. 21 (1982). "The Due Process Clause, our decisions instruct, safeguards not the meticulous observance of state procedural prescriptions, but 'the fundamental elements of fairness in a criminal trial." *Rivera*, quoting *Spencer v. Texas,* 385 U.S. 554, 563-64 (1967). See also *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993)( "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the constitutionalizing of every state rule, and would not be administrable.").

The federal constitutional question embedded in this claim is whether the State violated Petitioner's due process rights by making the amendment.  There is technically no Double Jeopardy

claim because the State has not attempted to try Petitioner a second time on the facts of what happened on May 18, 2007.

There is no federal constitutional right to grand jury indictment. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006). Therefore there was no federal constitutional violation by convicting Petitioner on an indictment amended by the court rather than the grand jury.

The only federal constitutional issue implicit in this claim is whether the indictment provided the Petitioner with sufficient information of the charged offense to enable him to defend against the accusation. *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002), citing, *Mira v. Marshall,* 806 F.2d 636, 639 (6th Cir. 1986). The Court of Appeals found that there was nothing prejudicial in the amendment in that Petitioner knew what the charge was against him and had no difficulty defending against it, albeit unsuccessfully. In fact, his defense was specific as to the time when the offense was allegedly committed, providing his mother to testify to his alibi that he was at home asleep at the time. His counsel did not claim any prejudice at the time he moved for dismissal and Petitioner has not offered any showing of prejudice to this Court.

The Second District Court of Appeals ruling on Petitioner's first assignment of error did not render a decision contrary to or an unreasonable application of any clearly established United States Supreme Court law. Therefore, the First Ground for Relief should be dismissed.

**Ground Two: Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel when his attorney failed to file a motion to suppress a pre-trial identification made by the victim from a photo array.

Respondent argues this claim is procedurally defaulted because it was not made the subject of a petition for post-conviction relief under Ohio Revised Code § 2953.21.  While that is correct, the issue of misidentification was preserved for habeas review because it was raised as a trial court error on direct appeal.

Respondent also defends this claim on the merits.  In his Reply, Petitioner states:

> The petitioner will concede the argument of ineffective assistance of counsel as it relates to the argument presented in Ground Two of the habeas petition, but I would like the courts to take a de novo review of this issue as it is the understanding of the petitioner that the prosecuting attorney involved in the states [sic] case and the petitioner's trial counsel are closely related, in a familiar since [sic], and this information was withheld from the petitioner throughout the entire process up until the filing of this habeas petition.  There was a filing in the state civil courts concerning this matter, that has not reached full resolution by the time of the filing of this habeas petition.

(Response to Answer, Doc. No. 5, PageID 428.)

Because the Petitioner concedes on the merits of Ground Two as pled, it should be dismissed with prejudice.  Petitioner presents no facts from which this Court could undertake a de novo review of a claim of conflict of interest and in any event Petitioner indicates he has not exhausted state court remedies on this claim.  If the state court proceeding becomes final before final judgment in this case, Petitioner may move to amend his Petition to include this new claim; if not, he will need to seek permission from the Sixth Circuit Court of Appeals to file a successive petition.

**Ground Three: Manifest Weight of the Evidence**
**Ground Four: Sufficiency of the Evidence**

Although these two Grounds for Relief are separately pled in the Petition, they are argued together in the reply.  The Magistrate Judge will therefore analyze them together.

In *State v. Thompkins,* 78 Ohio St. 3d 380, 678 N.E. 2d 541 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the  manifest weight of the evidence.    It held:

> In essence, sufficiency is a test of adequacy.  Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.   *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.  Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149.  Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony.  *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The   court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the

-8-

> evidence, the jury clearly lost its way and created such a manifest
> miscarriage of justice that the conviction must be reversed and a new
> trial ordered. The discretionary power to grant a new trial should be
> exercised only in the exceptional case in which the evidence weighs
> heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172, 485 N.E. 2d 717 (Hamilton Cty.

1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the

manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest
> weight of the evidence, the test is much broader. The court,
> reviewing the entire record, weighs the evidence and all reasonable
> inferences, considers the credibility of the witnesses and determines
> whether in resolving conflicts in the evidence, the jury clearly lost its
> way and created such a manifest miscarriage of justice that the
> conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, ¶3 of the syllabus. The State may retry a case reversed on the manifest weight

of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the

Double Jeopardy Clause. *Tibbs v. Florida*, 457 U.S. 31 (1982).

When a case reaches federal habeas corpus court, only the sufficiency of the evidence claim

is available. To put it another way, the United States Constitution does not require conviction by

the manifest weight of the evidence; instead, that is merely a matter of state law. As noted above,

this Court cannot review state court convictions for their compliance with state law. Therefore

Ground Three for Relief should be dismissed for failure to state a claim under the Constitution.

Ground Four does, however, state a federal claim under the Due Process Clause of the

Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979);

*In re Winship*, 397 U.S. 358  (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v.*

*Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc).  In order for a conviction to be constitutionally

sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397

U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the
> light most favorable to the prosecution, any rational trier of fact could
> have found the essential elements of the crime beyond a reasonable
> doubt . . . .  This familiar standard gives full play to the responsibility
> of the trier of fact fairly to resolve conflicts in the testimony, to weigh
> the evidence and to draw reasonable inferences from basic facts to
> ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006);

*United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).

Because the state Court of Appeals summarized the evidence in denying Petitioner's third

assignment of error and then denied the fourth with no additional analysis, that court's analysis on

both claims is quoted here:

> [*P13] In his third assignment, Day contends his conviction is against
> the manifest weight of the evidence. Day argues the trial record is
> filled with inconsistencies and contradictions. Notably, Day argues
> that he does not match the physical description of the burglar
> provided by Davison. He notes he is 46 years old and six feet tall.
> Davison described the burglar as 5'8" tall and in his thirties. He notes
> that the photo lineup was suggestive and tainted by neighbors'
> suggestions to Davison that his neighbor, Day, was the burglar. He
> notes that Davison told the police officer he did not know his
> attacker. Day notes there was no physical evidence to corroborate
> Davison's identification of him. Day notes that, although Davison
> testified he got a clear look at the burglar, he could not say what the
> burglar's eye color was. Finally, Day argues the jury may have been
> influenced by the testimony concerning neighborhood hearsay that
> Day was the burglar.
>
> [*P14] The State argues that its evidence was not inconsistent or
> contradicting. The State notes that Davison testified he had seen the
> burglar before but did not know his name. The State notes that
> Davison refused to be influenced by the speculation of his neighbors.

-10-

In focusing on the credibility of Davison, the trial court made the following remark at Day's sentencing: "In reviewing the facts of this case, this Court has no doubt that the State of Ohio proved all the elements of aggravated burglary beyond a reasonable doubt as was found by the jury. I don't believe that anybody could put words in Mr. Davison's mouth. That has to be one of the most honest witnesses I've ever seen in court. He wasn't going to say anything that people asked of him. And when he was saying something that he thought really wasn't good evidence, didn't say anything. People asked him how he got this information. He made sure the jury didn't believe anything that wasn't legitimate as far as hearsay goes, and nobody should be convicted on that. He has to be one of the most credible witnesses I've ever seen come across."

[*P15] Unlike a challenge to the sufficiency of the evidence, which attacks the adequacy of the evidence presented, a challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 1997 Ohio 52, 678 N.E.2d 541. When inquiring into the manifest weight of the evidence, the reviewing court sits as the thirteenth juror and makes an independent review of the record. Id. at 387. In taking on this role the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* The discretionary power to grant a new trial on this basis should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Martin* (1983), 20 Ohio App.3d 172, 20 Ohio B. 215, 485 N.E.2d 717. The facts of this case set out above clearly demonstrate that the trier of fact did not lose its way and there is no miscarriage of justice.

[*P16] We agree with the State that the evidence presented does not demonstrate that the jury lost its way in convicting Day. Davison testified he got a good look at the burglar. He testified as follows:

[*P17] "A. I'm sorry, if I look the wrong direction, I'm 80 years old and I want to cooperate. I have a photo image of this man. I seen him twice; and as I lay there on my back, him standing over me straddling me, I'm looking straight up in his face. I got a good photo image of what he looked like. No mistake. No guessing. I'm sure."

[*P18] Although Davison got a good look at Day's face, he may not

-11-

have been able to properly gauge his height while lying on his kitchen floor. This may explain the description he provided Officer Herald. There was no evidence Day did not weigh approximately one-hundred and fifty pounds. The jury was in the best position to evaluate Davison's testimony which convicted Day. The third assignment of error is Overruled.

[*P19] In his fourth assignment, Day contends his conviction is based on insufficient evidence. Day argues that no rational juror could have convicted him based on the State's evidence. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *Thompkins; State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. The relevant inquiry is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jenks; State v. Goff* (1998), 82 Ohio St.3d 123, 1998 Ohio 369, 694 N.E.2d 916. The evidence presented by the State was not legally insufficient to support Day's conviction. The fourth assignment of error is Overruled.

(Return of Writ, Doc. No. 4, PageID 40-42, quoting Exhibit 11, Opinion and Journal Entry, at

¶¶13-19; *State v. Day*, Clark App. No. 07-CA-139, 2009 Ohio 56 (January 9, 2009) at ¶¶ 13-19.)

Petitioner's whole argument in his Response (reply) is that there was insufficient evidence

to prove a violation of Ohio Revised Code § 2911.11(A)(2) because there was no proof of a deadly

weapon or dangerous ordnance (Response, Doc. No. 5, PageID 429). This Court agrees. However,

that is not what the State was trying to prove. Rather, it had charged through the indictment a

violation of Ohio Revised Code § 2911.11(A)(1) and the Court of Appeals reviewed the conviction

on that basis. Of course, the principal issues presented on appeal were the alleged lack of

identification, bolstered by the alibi testimony from Defendant's mother. But there is ample

testimony that Petitioner knocked Mr. Davison to the floor, thereby proving an assault (infliction

or attempt to inflict physical harm).

Petitioner also argues his understanding that in order to "aggravate a crime" in Ohio, the

perpetrator must be convicted of an additional crime or charged with and shown to have had a weapon.  He asks "How could the state have proved that an aggravated burglary took place when the petitioner was simply indicted on only one count"?  (Response, Doc. No. 5, PageID 429.)

However, aggravated burglary in Ohio does not require proof of a separate crime or a separate specification.  All that is required to be proved is trespass by force in an occupied structure with purpose to commit an offense and the infliction, attempted infliction, or threatened infliction of physical harm.  The State here proved Petitioner broke in Mr. Davison's front door (trespass by force) of an occupied structure (Mr. Davison was at home) in order to commit an offense (robbery by taking Mr. Davison's wallet by force) and infliction of harm (knocking Mr. Davison to the floor.)

Therefore Ground Four is without merit and should be dismissed.


## Conclusion

Based on the foregoing analysis, the Petition herein should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

September 20, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely

motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).